Harlan KEARNS, d/b/a Blossom Music
Company, et al., Appellants,

v.

R. A. SPARKS and Claude B. Terrell, d/b/a
Sparks-Terrell Lumber Co., et al.,
Appellees.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Wheeler B. Boone, Lexington, for appellants.

James S. Carroll, McDonald & McDonald, Thomas P. Bell, B. L. Kessinger, Jr. and Walter L. Tackett, all of Lexington, for appellees.

CLAY, Commissioner.

This action was brought by plaintiff appellant Kearns to recover personal property damages and loss of profits resulting from his eviction from leased premises. The case was tried without a jury. The court dismissed the complaint on the grounds that the plaintiff had failed to prove the defendants had caused the damage complained of, and the proof of damages was speculative and conjectural.

Plaintiff was engaged in the business of producing and marketing phonograph records of songs, and he had leased and equipped an office in a building owned by defendant Walton. He was a sub-lessee and was accepted as such by defendant Walton under a lease with a term from February 8, 1954, to September 8, 1954.

About the middle of May plaintiff locked his office and left town on a business trip. When he returned three or four days later his office had been demolished and his furniture and equipment had been moved into a hallway of the building. According to his testimony his furniture (including a piano) and office equipment had been damaged, and certain office records, phonograph records and tapes were missing.

Suit was brought against the lessor, the original lessee, the first sub-lessee and the company which had entered and destroyed his office in a remodeling project.

It is clear to us that the trial court properly dismissed the complaint as to the original lessee, the first sub-lessee and the company which removed his property from the leased premises. The first two had nothing to do with the dispossession of the plaintiff. The company was acting under the direction of the lessor, and there is no showing that it was negligent.

We believe the trial court erroneously dismissed the complaint as to defendant Walton, the landlady. The facts about which there is no dispute show clearly that the plaintiff was wrongfully evicted from his office by this defendant. If nothing else, plaintiff would be entitled to recover nominal damages.

The principle of liability and the right to damages is thus stated in 32 Am.Jur., Landlord and Tenant, Section 265, page 249:

"Where a tenant is wrongfully evicted by his landlord or by persons for whose acts the landlord is responsible, he may maintain therefor an action of tort against the landlord and may recover as general damages the actual or rental value of the unexpired term less the rent reserved, * * * and in addition, thereto, compensation for whatever other loss results * * * which can be ascertained with a reasonable degree of certainty and can properly be said to have been the natural or usual result of the breach and reasonably to have been within the contemplation of both parties as the probable result of a breach."

It may be pointed out that the liability of the landlord is based upon an intentional wrongful act and that plaintiff was not re-

quired to show negligence on the part of this defendant. The question presented is whether or not defendant Walton could reasonably have anticipated that if plaintiff's property was moved to a part of the building accessible by and exposed to the general public some of this property would be damaged or lost. We are of the opinion that she could, and that she must be held responsible for the natural and probable consequences of her wrongful act in evicting the plaintiff.

The plaintiff itemized the damage to and loss of specific items of property. In view of this evidence, which was not contradicted, we cannot say that his damages were speculative or conjectural. It is true that the valuations fixed by plaintiff need not be accepted as conclusive, but certainly in this record we have substantial proof of damage to the plaintiff by reason of injury to or loss of specific personal property.

Some of plaintiff's evidence with respect to loss of profits was indeed speculative and that was particularly true with respect to two songs the plaintiff had recorded. However, plaintiff was entitled to recover at least the cost of reproducing the records or recordings which he had lost. The applicable rule is thus stated in 15 Am. Jur., Damages, Section 125, page 534:

"The fact that personal property which is injured or destroyed by the wrongful or negligent act of another has no market value does not restrict the recovery to nominal damages only; its value or the plaintiff's damages must be ascertained in some other rational way, and from such elements as are attainable. In such case the proper measure of damages is generally its actual value or its value to the owner. The value of an article may be shown by proof of such elements or facts affecting the question as may exist—such as its cost, the cost of reproducing or replacing it, its utility and uses, its con-

dition and age, and the extent, if any, to which it has deteriorated or depreciated through use, damage, age, decay, or otherwise."

It is our conclusion that the trial court properly dismissed plaintiff's claim against all of the defendants except defendant Walton. As to her, he proved liability and the only question remaining is the amount of damages. Under CR 59.01 we may properly grant a new trial upon that issue.

The judgment is reversed with directions to grant the plaintiff a new trial on the issue of damages and for further proceedings consistent with this opinion.