RENDERED: JANUARY 21, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0534-MR

JOE WIELAND AND HOT RODS &
BBQ, LLC                                                                APPELLANTS

v.
APPEAL FROM HENRY CIRCUIT COURT
HONORABLE JERRY CROSBY, II, JUDGE
ACTION NO. 18-CI-00171

DANA FREEMAN; BEN FREEMAN;
AND FREEMAN'S KOUNTRY
KORNER KAFE, LLC                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Tenant brought action against landlord for claims of

wrongful eviction and defamation. The Henry Circuit Court granted judgment in

favor of landlord. Based on our review, finding no error, we affirm.

On January 30, 2018, Hot Rods & BBQ, LLC ("Hot Rods") signed a

commercial lease with Dana Freeman ("Dana"). Joe Wieland ("Wieland")

contends he was the sole member of Hot Rods.[1]  Dana and Ben Freeman ("Ben")

are a married couple and the owners of Freeman's Kountry Korner Kafe, LLC

("Kountry Korner").  Ben also owned First and Last Liquor Store.  An amendment

to the lease entitled Ben to obtain ice for his liquor store from Hot Rods at no cost.

R. at 195.

On June 18, 2018, Smith called Ben informing him Wieland changed

the locks on the leased restaurant, and Ben would be unable to retrieve ice for his

business.[2]  The same day, Ben entered Hot Rods' premises through the back door.

Although the restaurant was closed, an employee was present.  Wieland called the

state police, and all parties were told to leave the premises until the matter could be

resolved in court.

Upon learning of these events, Dana went to the Henry County

Courthouse to obtain information regarding evicting Hot Rods from the building.

Pursuant to the information she received, Dana wrote out an eviction notice

---

[1] The commercial lease contains two signature pages; one purportedly signed solely by Wieland and the other signed by Wieland and Bobby Smith ("Smith").  The page purported signed solely by Wieland is attached to Wieland's complaint.  Record ("R.") at 12.  The page purportedly signed by both Wieland and Smith is attached to multiple pleadings.  R. at 141 and R. at 194.

[2] Although the nature of the relationship between Smith and Wieland was disputed, Ben believed Smith was in business with Wieland because Smith purportedly signed the lease as an officer of Hot Rods.  Wieland's attorney later informed Dana by letter that Smith had no interest in Hot Rods, and Wieland was the sole member of the LLC.  R. at 237.

informing Hot Rods it would be evicted from the premises in 30 days from June 18, 2018 and posted it on the door of the restaurant.

On June 27, 2018, Dana contacted Wieland's attorney to discuss the spoiling food in the restaurant. Wieland's attorney informed Dana that Wieland would not be returning to the property, and she should clean the restaurant. Ben texted Wieland asking him to meet them at the restaurant the next day to clean things out, but Wieland did not appear.

On July 3, 2018, counsel for Appellees sent a letter entitled Notice of Eviction to Hot Rods, instructing it to remove its belongings no later than July 18, 2018. The letter alleged Hot Rods failed to pay rent for June and July 2018, maintain insurance on the premises, pay for utilities, and Wieland failed to use the premises for restaurant business only as he was living in the building.

On July 18, 2018, a different attorney for Hot Rods and Wieland responded to the eviction notice requesting Appellees provide copies of the written notices for each default as required under the commercial lease, time for Wieland to cure the default, and proof the default currently existed. If they could not provide proof, Wieland's attorney requested he be permitted to conduct business as usual with quiet, exclusive use of the premises.

In response, Appellees sent a letter on July 23, 2018, stating it served notice of default by Hot Rods and/or Wieland under the lease, and Hot Rods had

ten days to cure the default. The notice identified the following defaults: (1) failure to pay June and July 2018 rent; (2) failure to pay for utilities in violation of the "Utilities and Services" provision; (3) Wieland resided on the premises at least during April and June 2018 in violation of the "Use of Premises" provision; and (4) failure to pay taxes in violation of the "Taxes" provision.

On August 2, 2018, Appellees sent a letter informing Hot Rods it failed to cure the defaults identified in the July 23, 2018 letter. Pursuant to the lease Dana was permitted to take immediate possession of the premises without further notice, without prejudicing her right to damages, and could elect to cure any defaults herself. The cost of her action would be added to Hot Rod's financial obligations under the lease. The letter informed Hot Rods that Dana would take possession of the premises at the close of business on August 2, 2018.

Thereafter, the parties' attorneys negotiated dates and times for Wieland to retrieve his personal property, equipment, and liquor. On August 31, 2018, Wieland met Dana and picked up his personal property from the premises. He signed a receipt for those items. On September 21, 2018, Wieland met Dana to pick up his liquor that was still on the premises, and he signed a receipt for those items.

On September 24, 2018, Wieland and Hot Rods filed a complaint against Dana, Ben, and Kountry Korner in the Henry Circuit Court. Appellants

raised claims of tortious interference with quiet enjoyment, wrongful eviction, and defamation *per se*. There is some dispute as to whether a breach of contract claim was alleged. Appellants attached the July 3, 2018, July 23, 2018, and August 2, 2018 letters from Appellees to the complaint.

The circuit court held a hearing on December 19, 2018, regarding some of Hot Rods' personal property. The video recording was not made part of the record on appeal. However, the hearing did not pertain to any of the issues on appeal, so it is unnecessary for our review.

On January 9, 2020, Wieland and Hot Rods moved for summary judgment on the issue of wrongful eviction citing no case law in support of their written argument. On February 6, 2020, Appellees filed an opposing motion for summary judgment. Appellees argued Wieland was not a party to the lease and had no legal standing to obtain damages. They further noted Hot Rods cited no legal authority in support of its motion. Finally, Appellees argued Hot Rods had no viable legal claim against them, so that the action must be dismissed as a matter of law.

On September 15, 2020, the circuit court entered an order granting summary judgment in favor of Appellees on the wrongful eviction claim. The court stated Hot Rods cited no relevant case law in support of its argument. The court found no wrongful eviction occurred as no forcible detainer action was filed

nor did the landlord physically enter and remove Hot Rods' possessions from the property.

Hot Rods moved for reconsideration. The court treated it as a motion under CR[3] 54.02. The court acknowledged some confusion as to what claims were made in the complaint. The court found Hot Rods and Wieland failed to raise any new legal or factual argument and denied the motion.

On October 9, 2020, Dana, Ben, and Kountry Korner moved for judgment on the pleadings to dismiss the claim of defamation *per se*.

On December 11, 2020, the circuit court entered an order providing the parties an opportunity to inform the court what issues remained so a final order could be entered. As stated above, there was confusion regarding what claims were raised in the complaint. Wieland and Hot Rods did not inform the court that it had a pending breach of contract claim. Therefore, the only remaining issue was defamation *per se*.

On April 22, 2021, the circuit court granted Appellees' motion to dismiss the defamation *per se* claim. The court found Wieland had no claim for defamation *per se* because the letters were addressed to Hot Rods and not him personally. The court further found the letters did not amount to *per se* defamation against Hot Rods because there was not a conclusive presumption of malice and

---

[3] Kentucky Rules of Civil Procedure.

-6-

damage. Additionally, the circuit court found the letters and notice fell under the judicial statements privilege. The circuit court made the order final and appealable.

On appeal, Wieland and Hot Rods argue: (1) the circuit court erred in granting summary judgment on the wrongful eviction claim; (2) the circuit court erred in dismissing their defamation *per se* claim; (3) the circuit court failed to adjudicate the contract claim; and (4) Wieland had standing to pursue claims individually.[4] "This appeal presents for resolution primarily issues of law. We review these questions of law de novo, respectfully owing no deference to the legal determinations of the courts below." *Phillips v. Rosquist*, 628 S.W.3d 41, 45 (Ky. 2021) (footnote omitted).

First, Appellants argue the circuit court erred in granting summary judgment on the wrongful eviction claim. The circuit court stated a valid claim for wrongful eviction must be based on either: (1) a forcible detainer action filed without meeting statutory requirements under *Shinkle v. Turner*, 496 S.W.3d 418 (Ky. 2016), or (2) a landlord's physical, forcible entry into a leased premises and

---

[4] Appellants' brief does not "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review" in violation of CR 76.12(4)(c)(v). Because Appellants' arguments clearly fail on the merits, we elect "to ignore the deficiency and proceed with [our] review." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

physically turning the tenant out onto the streets with their possessions under *Maddix v. Gammon*, 293 Ky. 540, 169 S.W.2d 594 (1943). The circuit court found no forcible detainer action was filed, nor did any of the Appellees physically remove Hot Rods and/or its property from the premises. Therefore, the court found there was no basis for Appellants' claim for wrongful eviction as a matter of law.

Below, Appellants cited *Kearns v. Sparks*, 296 S.W.2d 731 (Ky. 1956) in support of their argument, but the circuit court found the case inapplicable. In *Kearns*, while the tenant left town for a business trip, the landlord removed the tenant's property from his office and demolished it. *Id.* at 732. On appeal, the Court held the landlord "must be held responsible for the natural and probable consequences of her wrongful act in evicting the plaintiff." *Id.* at 733.

Here, we agree with the circuit court that Hot Rods was not wrongfully evicted. Dana never filed a forcible detainer action against Hot Rods nor did she physically remove Hot Rods or its property from the premises. Instead, Hot Rods changed the locks on the restaurant in violation of the lease, and he had the key. Hot Rods' attorney informed Dana that Wieland had no intention of returning to the restaurant or continuing with the lease. Although Dana posted an eviction notice on the door of the restaurant, sent a letter to Hot Rods' registered agent, and sent a letter informing the Alcoholic Beverage Control Board Hot Rods

had been evicted on June 18, 2018, mere statements do not meet either legal standard for eviction. Additionally, Dana did not physically remove Hot Rods or its property from the premises. Rather, the parties mutually agreed on dates and times for Wieland to retrieve his personal property, equipment, and liquor and signed receipts for same. Thus, we conclude the circuit court correctly granted summary judgment against Hot Rods on the wrongful eviction claim.

Second, Appellants argue the circuit court erred in dismissing their defamation *per se* claim. To prevail on a claim for defamation, a plaintiff must prove four elements: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (footnotes omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 558 (1977)). An alleged defamatory statement is "actionable per se when there is a conclusive presumption of both malice and damage." *Id.* (citation omitted). Appellants argue the statements contained in the eviction notice posted to the door of Hot Rods and the three letters sent by Appellees were defamatory *per se* because they amount to "conduct which is incompatible with his business, trade, profession, or office."

*Gilliam v. Pikeville United Methodist Hosp. of Kentucky, Inc.*, 215 S.W.3d 56, 61 (Ky. App. 2006) (quoting RESTATEMENT (SECOND) OF TORTS, *supra* § 570).

Appellants argue the statements in the eviction notice posted to the door of Hot Rods and the three letters sent by Appellees are false. However, Appellants do not point out which statements are false, nor did they provide any evidence proving the statements were false. The notice posted to the door simply informed Hot Rods that it was to vacate the premises, and the owners of the building must be present for its property to be removed. The letters allege Wieland lived at the property, failed to maintain insurance, failed to pay for utilities, failed to pay rent, failed to pay taxes, failed to obtain a food license, and changed the locks in violation of the lease. Appellants bore the burden of proving the statements were defamatory, but they never provided any evidence of their falsity. *Toler*, 458 S.W.3d at 285. Because Appellants failed to submit any proof the statements at issue were false, we do not reach the issue of actionability. Furthermore, we need not address the circuit court's finding that the statements were subject to the judicial statements privilege because Appellants clearly failed to prove even the first element of defamation. Thus, we hold the circuit court correctly dismissed Appellants' defamation *per se* claim.

Third, Appellants argue the circuit court failed to adjudicate the breach of contract claim. The circuit court told Appellants multiple times that their

pleadings were confusing, and their claims were not discernable. On December 11, 2020, the court entered an order giving the parties an opportunity to inform the court of what issues remained, so it could enter a final order. Appellants failed to respond to that order indicating that any issues remained.

This issue was never raised before the circuit court, nor do Appellants cite any legal authority on appeal in support of their argument the case should be remanded to litigate a breach of contract claim. "As Kentucky's appellate courts are fond of saying, 'appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court.[']" *Royal Consumer Products, LLC v. Saia Motor Freight Line, Inc.*, 520 S.W.3d 753, 758 (Ky. App. 2016) (quoting *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012)). We also will not "go on a fishing expedition to find support for . . . underdeveloped arguments." *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 379 (Ky. App. 2018). Although Appellants assert they alleged a breach of contract claim in the complaint, they failed to raise the issue in response to the circuit court's December 11, 2020 order. Thus, Appellants waived this claim. As they failed to argue below that they had a cognizable contract claim, they failed to preserve this argument for appeal.

Finally, Wieland argues he had standing to pursue the claims individually. Above we held there was no legal basis for the wrongful eviction

claim or the defamation claim.  Even if Wieland had standing to bring these claims, they are not legally viable.  Thus, we decline to address the merits of whether Wieland had individual standing to bring these claims.

For the foregoing reasons, we affirm the judgment of the Henry Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kirk Hoskins
Louisville, Kentucky

BRIEF FOR APPELLEE:

Ruth H. Baxter
Carrollton, Kentucky