RENDERED: MARCH 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED
OPINION OF JANUARY 21, 2022, WITHDRAWN

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0534-MR

JOE WIELAND AND HOT RODS &
BBQ, LLC                                                              APPELLANTS

v.                    APPEAL FROM HENRY CIRCUIT COURT
                      HONORABLE JERRY CROSBY, II, JUDGE
                      ACTION NO. 18-CI-00171

DANA FREEMAN; BEN FREEMAN;
AND FREEMAN'S KOUNTRY
KORNER KAFE, LLC                                                      APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE: Tenant brought action against landlord for claims of

breach of contract, wrongful eviction, and defamation. The Henry Circuit Court

granted judgment in favor of landlord. Based on our review, finding no error, we

affirm.

On January 30, 2018, Hot Rods & BBQ, LLC ("Hot Rods") signed a commercial lease with Dana Freeman ("Dana"). Joe Wieland ("Wieland") contends he was the sole member of Hot Rods.[1] Hot Rods and Wieland are collectively referred to as "Appellants." Dana and Ben Freeman ("Ben") are a married couple and the owners of Freeman's Kountry Korner Kafe, LLC ("Kountry Korner") (collectively referred to as "Appellees"). Ben also owned First and Last Liquor Store. An amendment to the lease entitled Ben to obtain ice for his liquor store from Hot Rods at no cost. R. at 195.

On June 18, 2018, Smith called Ben informing him Wieland changed the locks on the leased restaurant, and Ben would be unable to retrieve ice for his business.[2] The same day, Ben entered Hot Rods' premises through the back door. Although the restaurant was closed, an employee was present. Wieland called the state police, and all parties were told to leave the premises until the matter could be resolved in court.

---

[1] The commercial lease contains two signature pages; one purportedly signed solely by Wieland and the other signed by Wieland and Bobby Smith ("Smith"). The page purportedly signed solely by Wieland is attached to Wieland's Complaint. Record ("R.") at 12. The page purportedly signed by both Wieland and Smith is attached to multiple pleadings. R. at 141 and R. at 194.

[2] Although the nature of the relationship between Smith and Wieland was disputed, Ben believed Smith was in business with Wieland because Smith purportedly signed the lease as an officer of Hot Rods. Wieland's attorney later informed Dana by letter that Smith had no interest in Hot Rods, and Wieland was the sole member of the LLC. R. at 237.

Upon learning of these events, Dana went to the Henry County Courthouse to obtain information regarding evicting Hot Rods from the building. Pursuant to the information she received, Dana wrote out an eviction notice informing Hot Rods it would be evicted from the premises in 30 days from June 18, 2018 and posted it on the door of the restaurant.

On June 27, 2018, Dana contacted Wieland's attorney to discuss the spoiling food in the restaurant. Wieland's attorney informed Dana that Wieland would not be returning to the property, and she should clean the restaurant. Ben texted Wieland asking him to meet them at the restaurant the next day to clean things out, but Wieland did not appear.

On July 3, 2018, counsel for Appellees sent a letter entitled Notice of Eviction to Hot Rods, instructing it to remove its belongings no later than July 18, 2018. The letter alleged Hot Rods failed to pay rent for June and July 2018, maintain insurance on the premises, pay for utilities, and Wieland failed to use the premises for restaurant business only as he was living in the building.

On July 18, 2018, a different attorney for Appellants responded to the eviction notice requesting the Appellees provide copies of the written notices for each default as required under the commercial lease, time for Appellants to cure the default, and proof the default currently existed. If they could not provide proof,

Appellants' attorney requested Wieland be permitted to conduct business as usual with quiet, exclusive use of the premises.

In response, Appellees sent a letter on July 23, 2018, stating it served notice of default by Hot Rods and/or Wieland under the lease, and Hot Rods had ten days to cure the default. The notice identified the following defaults: (1) failure to pay June and July 2018 rent; (2) failure to pay for utilities in violation of the "Utilities and Services" provision; (3) Wieland resided on the premises at least during April and June 2018 in violation of the "Use of Premises" provision; and (4) failure to pay taxes in violation of the "Taxes" provision.

On August 2, 2018, Appellees sent a letter informing Hot Rods it failed to cure the defaults identified in the July 23, 2018 letter. Pursuant to the lease Dana was permitted to take immediate possession of the premises without further notice, without prejudicing her right to damages, and could elect to cure any defaults herself. The cost of her action would be added to Hot Rod's financial obligations under the lease. The letter informed Hot Rods that Dana would take possession of the premises at the close of business on August 2, 2018.

Thereafter, the parties' attorneys negotiated dates and times for Wieland to retrieve his personal property, equipment, and liquor. On August 31, 2018, Wieland met Dana and picked up his personal property from the premises. He signed a receipt for those items. On September 21, 2018, Wieland met Dana to

pick up his liquor that was still on the premises, and he signed a receipt for those items. Appellees did not file a forcible detainer action.

On September 24, 2018, Wieland and Hot Rods filed a complaint against Dana, Ben, and Kountry Korner in the Henry Circuit Court. Appellants raised claims of tortious interference with quiet enjoyment, wrongful eviction, breach of contract, and defamation *per se*. In the complaint, Appellants assert:

> 3. a) The contract, contract breaches and tortious acts complained of in this Complaint took place in the County of Henry thus venue is proper.
>
> . . . .
>
> 7. a) Defendants [sic] actions in evicting Plaintiffs from the premises were in violation of numerous provisions of the lease agreement. b) Additionally, Defendants published or caused to be published false and slanderous materials intended to place Plaintiffs in a false light and which did place Plaintiffs in a false light. c) Said published materials, attached hereto as Ex. C, are defamatory per se.
>
> 8. a) The wrongful eviction, contract breach, and tortious conduct herein described were reckless, wanton, intended to cause damage to Plaintiffs and did in fact cause damage to Plaintiffs.

R. at 3-4. Appellants attached the July 3, 2018, July 23, 2018, and August 2, 2018 letters from Appellees to the complaint.

The circuit court held a hearing on December 19, 2018, regarding some of Hot Rods' personal property. The video recording of that hearing was not

-5-

made part of the certified record on appeal.[3]  Rather, it was attached to Appellants'

brief.  The hearing did not pertain to any of the issues on appeal.  Rather, it

discussed Hot Rods' personal property, which is not an issue on appeal.  This

Court reviewed the recording and determined it is unnecessary for our review.

On January 9, 2020, Wieland and Hot Rods moved for summary

judgment on the issue of wrongful eviction citing no case law in support of their

written argument.  On February 6, 2020, Appellees filed an opposing motion for

summary judgment.  Appellees argued Wieland was not a party to the lease and

had no legal standing to obtain damages.  They further noted Hot Rods cited no

legal authority in support of its motion.  Finally, Appellees argued Hot Rods had

no viable legal claim against them, so the action must be dismissed as a matter of

law.

---

[3] The Appellants' Designation of Record states as follows:

> Comes the Plaintiffs/Appellants, Joe Wieland and Hot Rods & BBQ, LLC, by counsel, and per CR 75.01 and other applicable rules designates the following evidence for purposes of this appeal.
>
> 1. The entire Henry Circuit Court file.
> 2. The video of the 11-8-18 motion hour.
> 3. The video of the 11-16-18 motion hour.
> 4. The video of the 12-21-18 hearing (held at Oldham Circuit Court).
> 5. The video of the 1-24-20 motion hour (held at Oldham Circuit Court).
> 6. The video or the 3-3-20 oral argument (held at Oldham Circuit Court).

R. at 389.  The above-referenced video recordings were the only DVDs provided with the certified record.  The video of the December 19, 2018 hearing was not part of the certified record.

On September 15, 2020, the circuit court entered an order granting summary judgment in favor of Appellees on the wrongful eviction claim. The court stated Hot Rods cited no relevant case law in support of its argument. The court found no wrongful eviction occurred as no forcible detainer action was filed nor did the landlord physically enter and remove Hot Rods' possessions from the property.

Hot Rods moved for reconsideration. The circuit court treated it as a motion under CR[4] 54.02. The circuit court acknowledged some confusion as to what claims were made in the complaint. The circuit court found Hot Rods and Wieland failed to raise any new legal or factual argument and denied the motion.

On December 11, 2020, the circuit court entered an order providing the parties an opportunity to inform the court what issues remained to be adjudicated so a final order could be entered. As stated above, there was confusion regarding what claims were raised in the complaint and what claims remained to be adjudicated. Appellees filed their response with the circuit court on January 8, 2021 indicating that the only remaining issue to be adjudicated was the defamation *per se* claim.[5] Appellants filed their response on January 11, 2021. R. at 337.

---

[4] Kentucky Rules of Civil Procedure.

[5] On October 9, 2020, Dana, Ben and Kountry Korner moved for judgment on the pleadings to dismiss the claim of defamation *per se*.

On April 22, 2021, the circuit court granted Appellees' motion to dismiss the defamation *per se* claim. The circuit court found Wieland had no claim for defamation *per se* because the letters were addressed to Hot Rods and not him personally. The circuit court further found the letters did not amount to *per se* defamation against Hot Rods because there was not a conclusive presumption of malice and damage. Additionally, the circuit court found the letters and notice fell under the judicial statements privilege. The circuit court made the order final and appealable.

On appeal, Wieland and Hot Rods argue: (1) the circuit court erred in granting summary judgment on the wrongful eviction claim; (2) the circuit court erred in dismissing their defamation *per se* claim; (3) the circuit court failed to adjudicate the contract claim; and (4) Wieland had standing to pursue claims individually.[6] "This appeal presents for resolution primarily issues of law. We review these questions of law de novo, respectfully owing no deference to the legal determinations of the courts below." *Phillips v. Rosquist*, 628 S.W.3d 41, 45 (Ky. 2021) (footnote omitted).

---

[6] Appellants' brief does not "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review" in violation of CR 76.12(4)(c)(v). Because Appellants' arguments clearly fail on the merits, we elect "to ignore the deficiency and proceed with [our] review[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

First, Appellants argue the circuit court erred in granting summary judgment on the wrongful eviction claim. The circuit court stated a valid claim for wrongful eviction must be based on either: (1) a forcible detainer action filed without meeting statutory requirements under *Shinkle v. Turner*, 496 S.W.3d 418 (Ky. 2016), or (2) a landlord's physical, forcible entry into a leased premises and physically turning the tenant out onto the streets with their possessions under *Maddix v. Gammon*, 293 Ky. 540, 169 S.W.2d 594 (1943). The circuit court found no forcible detainer action was filed, nor did any of the Appellees physically remove Hot Rods and/or its property from the premises. Therefore, the court found there was no basis for Appellants' claim for wrongful eviction as a matter of law.

Below, Appellants cited *Kearns v. Sparks*, 296 S.W.2d 731 (Ky. 1956), in support of their argument, but the circuit court found the case inapplicable. In *Kearns*, while the tenant left town for a business trip, the landlord removed the tenant's property from his office and demolished it. *Id.* at 732. On appeal, the Court held the landlord "must be held responsible for the natural and probable consequences of her wrongful act in evicting the plaintiff." *Id.* at 733.

Here, we agree with the circuit court that Hot Rods was not wrongfully evicted. Dana never filed a forcible detainer action against Hot Rods nor did she physically remove Hot Rods or its property from the premises. Instead,

Hot Rods changed the locks on the restaurant in violation of the lease, and he had the key. Hot Rods' attorney informed Dana that Wieland had no intention of returning to the restaurant or continuing with the lease. Although Dana posted an eviction notice on the door of the restaurant, sent a letter to Hot Rods' registered agent, and sent a letter informing the Alcoholic Beverage Control Board Hot Rods had been evicted on June 18, 2018, mere statements do not meet either legal standard for eviction. Additionally, Dana did not physically remove Hot Rods or its property from the premises. Rather, the parties mutually agreed on dates and times for Wieland to retrieve his personal property, equipment, and liquor and signed receipts for same. Thus, we conclude the circuit court correctly granted summary judgment against Hot Rods on the wrongful eviction claim.

Appellants argued extensively before the circuit court and in their brief herein that because the parties testified multiple times that Appellants were "evicted" and/or put in writing they were evicted, that that constitutes an eviction. The testimony of the parties stating same was referenced multiple times. However, that testimony – whether characterized as a statement or an admission – does not create an eviction. As stated above, an eviction can only occur two ways: (1) a forcible detainer action filed without meeting statutory requirements under *Shinkle*, 496 S.W.3d at 418, or (2) a landlord's physical, forcible entry into leased premises

-10-

and physically turning the tenant out onto the streets with their possessions under *Maddix*, 169 S.W.2d at 594.

Second, Appellants argue the circuit court erred in dismissing their defamation *per se* claim. To prevail on a claim for defamation, a plaintiff must prove four elements: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (footnotes omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 558 (1977)). An alleged defamatory statement is "actionable per se when there is a conclusive presumption of both malice and damage." *Id.* (citation omitted). Appellants argue the statements contained in the eviction notice posted to the door of Hot Rods and the three letters sent by Appellees were defamatory *per se* because they amount to "conduct which is incompatible with his business, trade, profession, or office." *Gilliam v. Pikeville United Methodist Hosp. of Kentucky, Inc.*, 215 S.W.3d 56, 61 (Ky. App. 2006) (quoting RESTATEMENT (SECOND) OF TORTS § 570 (1977)).

Appellants argue the statements in the eviction notice posted to the door of Hot Rods and the three letters sent by Appellees are false. However, Appellants do not point out which statements are false, nor did they provide any

evidence proving the statements were false. The notice posted to the door simply informed Hot Rods that it was to vacate the premises, and the owners of the building must be present for its property to be removed. The letters allege Wieland lived at the property, failed to maintain insurance, failed to pay for utilities, failed to pay rent, failed to pay taxes, failed to obtain a food license, and changed the locks in violation of the lease. Appellants bore the burden of proving the statements were defamatory, but they never provided any evidence of their falsity. *Toler*, 458 S.W.3d at 285. Because Appellants failed to submit any proof the statements at issue were false, we do not reach the issue of actionability. Furthermore, we need not address the circuit court's finding that the statements were subject to the judicial statements privilege because Appellants clearly failed to prove even the first element of defamation. Thus, we hold the circuit court correctly dismissed Appellants' defamation *per se* claim.

Third, Appellants argue the circuit court failed to adjudicate the breach of contract claim. The circuit court told Appellants multiple times that their pleadings were confusing, and their claims were not discernable. On December 11, 2020, the circuit court entered an order giving the parties an opportunity to inform the court of what issues remained, so it could enter a final order. R. at 332. Appellees filed their response on January 8, 2021. R. at 335. Appellants filed their response on January 11, 2021. R. at 337. Appellees argue neither they nor the

circuit court were served with Appellants' response. Perhaps that explains why the

circuit court wrote in its April 22, 2021 order:

> It is of note that the Court entered an Order on December 10, 2020, in response to Plaintiffs' contention that more issues than defamation *per se* were pending before the Court. As the Court acknowledged some confusion as to issues raised by Plaintiffs in their Complaint, the Court requested both parties to tender to the Court Within 30 days what matters were still considered outstanding. **Plaintiffs never responded to said Order**. As the Court considers all issues resolved by this Order and the previous Orders granting Defendants' summary judgment, this Order is final and appealable . . . .

R. at 354 (emphasis added). It is clear from a review of the record that Appellants

did, in fact, respond to the circuit court's December 11, 2020 order. Appellants

argue on appeal that "[i]t is not possible to determine what became of Hot Rods'

contract claim . . . in response to the Order of 12-11-20 inquiring as to outstanding

issues Hot Rods informed the Court that it had made a contract claim and said

claim was separate and distinct from the wrongful eviction claim." Appellants'

Brief at 20-21.

However, Appellants' argument is waived because Appellants failed

to bring to the circuit court's attention the error contained in its April 22, 2021

order.[7] As Appellees correctly point out Appellants waived this claim because

---

[7] Notably, Judge Karen Conrad retired December 31, 2020, less than two weeks after entering the December 11, 2020 order. It appears that the April 22, 2021 order was one of the first entered by Judge Jerry Crosby II.

pursuant to CR 52.04, Appellants could have requested the circuit court to make a finding of fact on the breach of contract claim, or to deny they failed to respond to the circuit court's April 22, 2021 order.

CR 52.04 explains that "(a) final judgment shall not be reversed or remanded . . . unless such failure is brought to the attention of the circuit court by a written request for a finding on that issue or by motion pursuant to CR 52.02." Additionally, "[o]ur case law is well established that a failure to press a trial court for a ruling . . . operates as a waiver of that issue for purposes of appellate review." *Perkins v. Commonwealth*, 237 S.W.3d 215, 223 (Ky. App. 2007). As Appellants did not bring this failure to the circuit court's attention following entry of the April 22, 2021 order, their breach of contract claim is waived.

Finally, Wieland argues he had standing to pursue the claims individually. Above we held there was no legal basis for the wrongful eviction claim or the defamation claim. Even if Wieland had standing to bring these claims, they are not legally viable. Thus, we decline to address the merits of whether Wieland had individual standing to bring these claims.

For the foregoing reasons, we affirm the judgment of the Henry Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:      BRIEF FOR APPELLEE:

Kirk Hoskins               Ruth H. Baxter
Louisville, Kentucky      Carrollton, Kentucky